[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2002
THOMAS K. KAHN
CLERK

No. 01-12152

D.C. Docket No. 99-01045 CV-MJ-S

RONALD SHIELDS,
DONALD SHIELDS,
JOHN EDWARDS

Plaintiffs-Appellants,

versus

FORT JAMES CORPORATION

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Alabama

**(September 19, 2002)**

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

TJOFLAT, Circuit Judge:

In this case, the plaintiffs, African-Americans, claim that they were subjected to racial harassment in the workplace, and thus a hostile work environment, from 1981 through the filing of their suit in August 1999, and they seek damages from their employer under 42 U.S.C. § 1981. The employer denied the harassment; alternatively, as an affirmative defense, it contended that, at most, the plaintiffs could recover only for acts of discrimination occurring within the statute of limitations two-year period. Following discovery, the district court granted the employer summary judgment. The plaintiffs now appeal, contending that the district court should have applied the "continuing violation doctrine," which is applicable to Title VII cases; had it done so, they submit, the court would have linked the episodes of harassment that took place prior to the statute of limitations period to those within that period and denied the employer's motion for summary judgment. The district court acknowledged the existence of the doctrine, but did not apply it because the plaintiffs failed to assert it.

In their briefs to us, the plaintiffs argued that the court was required to apply the continuing violation doctrine on its own initiative; that is, they were not required to raise it in the first instance. After we took this case under advisement following oral argument, the United States Supreme Court, in National Railroad

2

Passenger Corporation v. Morgan, ___ U.S. ____, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), eschewed the use of the continuing violation doctrine in hostile work environment cases. In doing so, as we explain below, the court essentially redefined the application of statutes of limitations to cases such as the one at hand. This development in the law casts this case in a new light for both sides, and the district court. In short, the case must be reconsidered by the district court.

In National Railroad Passenger Corporation v. Morgan, supra, the Court considered claims of retaliation and hostile work environment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., against the railroad by a former black employee. Title VII requires plaintiffs to file charges with the Equal Employment Opportunity Commission ("EEOC") either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. 2000e-5(e)(1). While some of the discriminatory acts Morgan alleged took place within this statute of limitations period, many occurred earlier. The Court, therefore, was forced to determine whether a trial court could consider those prior acts in determining liability.

The Court issued a twofold ruling. First, it held that "discrete discriminatory acts [such as termination, failure to promote, denial of transfer, or refusal to hire] are not actionable if time barred, even when they are related to acts alleged in

timely filed charges." National R.R. Passenger Corp., 122 S. Ct. at 2072. Second, and more important for our case, the Court held that a hostile work environment claim should be reviewed in its entirety, so long as one of the events comprising it fell within the statute of limitations. Specifically, the Court emphasized:

> A hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). . . . It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

Id. at 2074. In making this ruling, the Court essentially rejected the "continuing violation doctrine" and simplified the law by allowing courts to view allegations of hostile work environment as "a single unlawful employment practice." Id. at 2075. Put simply, if the smallest portion of that "practice" occurred within the limitations time period, then the court should consider it as a whole.[1]

In the instant case, the plaintiffs' hostile work environment claims were

---

[1] The Court did emphasize, however, that their "holding does not leave employers defenseless against employees who bring hostile work environment claims that extend over long periods of time. Employers have recourse when a plaintiff unreasonably delays filing a charge." National R.R. Passenger Corp., 122 S. Ct. at 2076. According to the Court, "an employer may raise a laches defense, which bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." Id. at 2077.

brought under section 1981, not Title VII. Nevertheless, as we have repeatedly held, "[b]oth of these statutes [(i.e., section 1981 and Title VII)] have the same requirements of proof and use the same analytical framework." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). In cases involving a claim of hostile work environment, this symbiosis is especially apt, since Congress specifically amended section 1981, so plaintiffs could bring hostile work environment claims under that statute as well as under Title VII.[2] We see no reason for us to discontinue this parallel treatment in applying the holding of National Railroad Passenger Corporation. Hostile work environment claims under section 1981 are based upon the wording of 42 U.S.C. § 1981(b), which states that

---

[2] In Patterson v. McClean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d. 132 (1989), the Supreme Court found that a claim of racial harassment under section 1981 was not actionable, because, at the time, section 1981 "cover[ed] only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." Id. at 179, 109 S. Ct. at 2374. It did not cover anything which "affects a 'term, condition, or privilege' of employment," as Title VII did. Id. at 180. 109 S. Ct. at 2374. (quoting Meritor Savings Bank v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986)). In direct response to the Supreme Court's decision in Patterson, Congress amended section 1981 in Section 101 of the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, to clarify that the right to "make and enforce" contracts includes the right to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); see Rivers v. Roadway Exp., Inc., 511 U.S. 298, 304, 114 S. Ct. 1510, 1515, 128 L. Ed. 2d 274 (1994) (acknowledging that Congress "legislatively overrule[d]" the Court's decision in Patterson by passing Section 101).

the right to "make and enforce contracts" extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. An allegation that an employer has allowed a racially hostile work environment to prosper embodies a single violation of an employee's right to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" and, therefore, should be reviewed in its entirety if any part of this allegation falls within the statute of limitations period.

We now remand the case to the district court for reconsideration. The court must decide whether the plaintiffs' claims *in their entirety* present a genuine issue as to any material fact. In addition, the district court must allow the employer to plead laches as a defense, should it contend that the plaintiffs unreasonably delayed in bring the suit and the delay prejudiced the employer. See supra note 1.

The judgment of the district court is VACATED, and the case is REMANDED for reconsideration.

SO ORDERED.