[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13529
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 02-01291-CV-ORL-28JGG

GLORIA B. MOSLEY,

Plaintiff-Appellant,

versus

MERISTAR MANAGEMENT COMPANY, LLC,
d.b.a. Homewood Suites Hotel,
DOUG KOENIG, Individually,
FRANCIS RIVERA, Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 23, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Gloria B. Mosley, an African-American female, appeals pro se the district court's grant of summary judgment to MeriStar Management Company, LLC, and her former supervisors, Doug Koenig and Francisco Rivera (collectively, "MeriStar"), alleging violations of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, and Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. On appeal, Mosley argues that the district court abused its discretion by striking her answer and accompanying affidavits in opposition to MeriStar's motion for summary judgment that were four days late. She also claims that the district court erred by granting summary judgment in favor of MeriStar on her discriminatory discharge and hostile work environment racial harassment claims.

## I. Motion to Strike

We review the district court's decision to strike a party's pleadings for abuse of discretion. Young v. City of Palm Bay, Florida, 358 F.3d 859, 863 (11th Cir. 2004). A district court "has not abused its discretion when the court has 'a range of choices' and the court's choice 'does not constitute a clear error of judgment.'" Vandenberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001).

The district court's refusal to consider an untimely opposition to summary

judgment motion is not an abuse of discretion. Young, 358 F.3d at 864. Absent an affirmative showing by the non-moving party of excusable neglect according to Fed.R.Civ.P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time affidavits. Useden v. Acker, 947 F.2d 1563, 1571-72 (11th Cir. 1991). "Procedural default is not excused merely because claimants are proceeding pro se." United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir. 1994).

We cannot say that the district court abused its discretion by striking Mosley's opposition and accompanying affidavits to MeriStar's motion for summary judgment. The record revealed that Mosley's opposition was due on February 27, 2004, and was four days late when it was filed on March 2, 2004. Moreover, her cross-motion for summary judgment was 18 days late. Mosley neither asked for an extension of time to file a response, nor explained why her opposition was tardy, nor opposed MeriStar's motion to strike her opposition with the accompanying affidavits. Mosley filed a motion for reconsideration and stated that she was not able to file a timely response because she had to aid her sister in a medical emergency on March 1, 2004, which arguably constituted excusable neglect had the response been due then. However, Mosley's opposition was due on February 27, 2004, and therefore, she did not show why her late filling should

3

be excused.

## II. Summary Judgment

We review a district court's grant of summary judgment de novo. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). We construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party. HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

### A. Disparate Treatment

Title VII makes it an unlawful employment practice for an employer to fail

4

or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. See Bass v. Board of County Com'rs, Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001); see also 42 U.S.C. § 2000e-2(a). Section 1981 prohibits employment discrimination based on race. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1269-70 (11th Cir. 2004); see also 42 U.S.C. § 1981. The FCRA prohibits employment discrimination based on race, color, religion, sex, national origin, age, handicap, or marital status. See Fla. Stat. § 760.10(i)(a).

The Supreme Court uses the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate claims of indirect evidence of discrimination in employment actions. First, the plaintiff in a Title VII[1] case carries the burden of establishing a prima facie case of discrimination. Id. at 802. In order to make out a prima face case of discriminatory termination on account of race, plaintiff may show: (1) she

---

[1] FCRA is patterned after Title VII, and courts routinely apply Title VII case law to discrimination claims brought under the FCRA. See Maniccia v. Brown, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999). Section 1981 claims also have the same requirements of proof and use the same analytical framework. See Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002).

belongs to a racial minority; (2) she was qualified to do her job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly-situated employees outside her classification more favorably. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). If a plaintiff establishes a prima facie case, the burden then shifts to the employer, who must "proffer a legitimate, non-discriminatory reason for the adverse employment action. The employer's burden is exceedingly light." Meeks v. Computer Assoc. Int'l., 15 F.3d 1013, 1021 (11th Cir. 1994). Once the employer proffers a legitimate, non-discriminatory reason, the employee, in order to survive summary judgment, "has to come forward with evidence, including the previously produced evidence establishing a prima facie case, sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). Moreover, the ultimate burden of persuasion rests on the employee in cases involving merely circumstantial evidence. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229

F.3d 1012, 1030 (11th Cir. 2000)

Even if Mosley had proven the elements of a prima facie case of racial

discrimination, her claim fails. MeriStar articulated legitimate, non-discriminatory

reasons for terminating Mosley' employment, namely, violation of the hotel's

smoking policy and prior performance problems. Mosley failed to produce any

evidence contesting the veracity of MeriStar's proffered reasons for her

termination.[2] Her personal belief, unsupported by other evidence, does not suffice

to establish pretext. Because Mosley failed to present evidence indicating that

MeriStar's reasons for her termination were pretextual, the district court properly

granted summary judgment in favor of MeriStar.

B. Hostile Work Environment

Title VII, § 1981, and FCRA provide for causes of action for hostile work

environment discrimination based on race. See Miller v. Kenworth of Dothan,

Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)(Title VII); Jackson v. Motel 6

Multipurpose, Inc., 130 F.3d 999, 1008 n.17 (11th Cir. 1997)(§ 1981); Wilbur v.

Correctional Services Corp., 393 F.3d 1192, 1195 n.1 (11th Cir. 2004)(FCRA).

In order to establish a hostile work environment claim, the plaintiff must

show that (1) she belongs to a protected group, (2) she has been subjected to

---

[2] The only evidence that might have created genuine issues of fact were contained in the affidavits which the district court struck.

7

unwelcome harassment, (3) the harassment was based on a protected characteristic of the employee, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment, and (5) the employer was responsible for such environment under either a theory of vicarious or direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). The severity requirement contains both an objective and subjective element, in which we consider whether a reasonable person would find the work environment hostile or abusive, and whether the plaintiff subjectively perceived the work environment to be hostile or abusive. Id. at 1276. In evaluating the objective severity of the harassment, we look at the totality of the circumstances and consider, inter alia, "(1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's job performance." Id. The plaintiff need not show that the harassment was so extreme that it produced tangible effects on his job performance in order to be actionable. Harris v. Forklift Sys., Inc., 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). Isolated or sporadic incidents of harassment do not satisfy the "severe or pervasive" standard of a hostile work environment claim. See Faragher v. City of Boca Raton,

8

524 U.S. 775, 787-88, 118 S.Ct. 2257, 2283, 141 L.Ed.2d 662 (1998); see also

Gupta v. Fla. Bd. Of Regents, 212 F.3d 571, 583 (11th Cir. 2000).

The district court did not err by granting summary judgment to MeriStar on Mosley's hostile work environment claims. The evidence properly before the district court falls short of establishing a hostile work environment claim.[3] Accordingly, the district court did not err in granting summary judgment.

**AFFIRMED.**[4]

---

[3] It is clear that the district court did not consider the stricken affidavits. Although the court noted that the complaint alleged two isolated incidents of racial slurs, the court held that would have been insufficiently severe. Moreover, the complaint was unverified and therefore could not be considered evidence supporting Mosley's claim.

[4] Other arguments by Mosley on appeal are rejected without need for discussion.