[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15658
Non-Argument Calendar

_____

D. C. Docket No. 04-02906-CV-2-IPJ

WILLIE C. BATCH,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY CHILD DEVELOPMENT COUNCIL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 7, 2006)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Willie C. Batch, an African-American male, appeals the district

court's grant of defendant Jefferson County Child Development Council, Inc.'s ("JCCDC") motion for summary judgment as to his complaint alleging racial discrimination, gender discrimination, and retaliation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, 3, and 42 U.S.C. § 1981. On appeal, Batch argues that the district court erred as a matter of law in granting JCCDC's motion for summary judgment because it ignored evidence supporting his *prima facie* case of discrimination and failed to draw reasonable inferences in favor of him, the non-moving party. Specifically, he argues that he presented sufficient evidence to establish that similarly situated white or female employees were treated more favorably with respect to JCCDC's sick leave policies, and that JCCDC retaliated against him by lowering his performance evaluation and relocating his workspace following notice of his EEOC charge.

We review the district court's ruling on summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences

2

drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (citation and quotation omitted).

The same *prima facie* case and burden-shifting mechanisms apply to Title VII and § 1981 discrimination claims. *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002). In order to establish a *prima facie* case of disparate treatment based on race or gender discrimination, a plaintiff must show (1) that he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees who are not members of the protected class more favorably. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000). With respect to the fourth prong, "[i]n determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

The evidence before the district court showed that three specific similarly situated employees were docked pay when absent from work when they did not have enough accrued leave time, or when their leave requests were not approved. Supervisors often requested white or female employees to submit verification for

sick leave requests. Batch was the only employee required to submit verification for each sick leave request, however, this policy was implemented due to his previously admitted attendance problem. Because Batch failed to show that similarly situated white or female employees were treated more favorably with respect to the application of JCCDC's sick leave policy, we conclude that he did not establish a *prima facie* case of race or gender discrimination.

To establish a *prima facie* case of retaliation forbidden by Title VII, the plaintiff must show that: (1) he participated in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). We have found retaliation claims to be cognizable under § 1981.[1] *See Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1411-13 (11th Cir. 1998). Moreover, in the context of other discrimination claims, we have construed § 1981 as a parallel remedy, which may derive its principles from Title VII. *See Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979).

An adverse employment action must involve "an ultimate employment

---

[1] Because § 1981 is a statutory remedy for claims of discrimination based on race or alienage only, its application to Batch's claim of retaliation is limited in that respect. *See* 42 U.S.C. § 1981(a).

decision . . . or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Gupta*, 212 F.3d at 587. (Citation and quotation omitted). We have held that employee performance evaluations, which "do not lead to tangible job consequences," are not sufficient to form the basis of a retaliation claim under Title VII. *Davis v. Town of Lake Park*, 245 F.3d 1232, 1241 (11th Cir. 2001). "An action, which . . . had no effect on an employee is not an 'adverse' action." *Gupta*, 212 F.3d at 588.

Assuming *arguendo* that his supervisors' discussion of Batch's EEOC charge affected his performance evaluation, we conclude that the lowered performance evaluation did not result in a change in the terms or conditions of Batch's employment. Batch was not terminated, demoted, or reassigned, and he continued to receive the same salary. Because Batch failed to demonstrate that he suffered an adverse employment action, he did not establish a *prima facie* case of retaliation.

For the above stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**