[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00415-JHH

BETTY D. BRYANT,

Plaintiff-Appellant,

versus

U.S. STEEL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 31, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Betty Bryant brought this employment discrimination case against her

former employer, U.S. Steel Corporation, on March 2, 2009, 97 days after the

Equal Employment Opportunity Commission ("EEOC"), on November 25, 2008, mailed Bryant a right-to-sue letter in response to her allegations of sex and disability discrimination and retaliation.[1] The allegations of Bryant's complaint were framed in five counts: Count I, sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[2]; Count II, retaliation, in violation of Title VII; Count III, retaliation (the same as alleged in Count II), in violation of 42 U.S.C. § 1981; Count IV, discharge and failure to accommodate medical condition, in violation of § 1981; Count V, discrimination in violation of the Americans With Disabilities Act of 1990 ("ADA").[3] The district court granted U.S. Steel summary judgment on all counts. The court rejected Counts I, II, and V, because Bryant filed suit more than 90 days after EEOC mailed the right-to-sue letter. In doing so, the court struck, as a "sham," an affidavit Bryant filed in response to U.S. Steel's motion for summary judgment, which averred that she did not receive the EEOC's letter until December 5, 2008. The court did so because the affidavit squarely contradicted unequivocal testimony Bryant gave on deposition, which was that she did not remember when she received the letter.

---

[1] The EEOC investigated Bryant's allegations and was unable to conclude that a violation had occurred.

[2] *See* 42 U.S.C. § 2000e-5(f).

[3] *See* 42 U.S.C. §§ 12102(1), 12111(8), and 12117(a).

The court rejected Counts III and IV, because they failed as a matter of law.

Bryant appeals the district court's judgment on Counts I, II, III, and V.[4] She contends that the district court erred in striking her affidavit as a sham, which established that she filed suit within the 90-days limitations period and that Counts I, II, and V are not time-barred. She contends that the court erred in dismissing Counts III and IV because, contrary to the court's view, she established a *prima facie* case of retaliation in violation of § 1981, and, alternatively, showed that U.S. Steel's legitimate, nondiscriminatory reasons for the challenged employment decision were pretextual.

I.

We review a district court's decision to strike an affidavit for an abuse of discretion. *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1337 (11th Cir. 2000). The summary judgment rule provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). "[A] district court may find an affidavit which contradicts testimony on deposition a

---

[4] Bryant abandoned Count Four in its entirety by failing to raise it in her opening brief on appeal. Accordingly, we affirm the district court's grant of summary judgment as to that count. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

sham when the party merely contradicts its prior testimony without giving any valid explanation." *Van T. Junkins and Assocs. v. U.S. Indus.*, 736 F.2d 656 (11th Cir. 1984). However, an affidavit may only be disregarded as a sham "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact." *Id*. at 657.

We find no abuse of discretion in this case. As the district court noted, Bryant's affidavit, in which she stated that she remembered the exact date on which she received the right-to-sue letter, flatly contradicted her earlier deposition testimony, in which she stated that she did not remember the date. The affidavit, filed after her deposition had been taken and discovery had closed, supplied a specific fact that Bryant denied knowledge of when questioned on deposition. Notably, the affidavit presented no valid reason for Bryant's subsequent recollection that she received the letter on the specific date, December 5. For example, while Bryant was entitled to refresh her memory, her affidavit did not state that her recollection had been refreshed. True, her attorney argued that her recollection had been refreshed, but counsel's argument is not evidence. *See Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980). In sum, we affirm the district court's decision striking the affidavit.

II.

We review a district court's grant of summary judgment *de novo*, with all evidence and reasonable factual inferences viewed in the light most favorable to the nonmoving party, in this case Bryant. *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). Summary judgment requires that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). If the movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted). That is, the non-moving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is "merely colorable" or "not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Under the ADA, a plaintiff must comply with the same procedural requirements to sue that exist under Title VII. 42 U.S.C. § 12117(a). Under Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Dismissal is appropriate when the plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter,

5

unless she shows that the delay was through no fault of her own. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999). Once the defendant contests the issue, the plaintiff bears the burden of establishing that she filed her claim within 90 days of receiving the notice. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

The sole piece of evidence indicating that Bryant's suit was timely was the affidavit the district court properly struck. The Title VII and ADA claims were thus due to be dismissed, and the court's decision dismissing them on summary judgment is accordingly affirmed.

### III.

Bryant's § 1981 retaliation claims are not subject to the administrative exhaustion requirement applicable to Title VII claims. *See Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971). To establish a *prima facie* case for a § 1981 retaliation claim, the plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) she established a causal link between the protected activity and the adverse action. *Bryant v. Jones,* 575 F.3d 1281, 1307-08 (11th Cir. 2009); *see also Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (noting that Title VII and § 1981 have the same requirements of proof and use the same analytical framework)

and *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) (noting that courts properly apply cases from Title VII and § 1981 interchangeably).  In order for a plaintiff's actions to be a protected activity, she must show both that she believed in good faith that her employer was "engaged in unlawful employment practices," and that her "belief was *objectively* reasonable in light of the facts and record presented."  *Little v. United Tech. Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (emphasis in original).  In the context of a retaliation claim, adversity must be "material," and not merely some *de minimis* inconvenience or alteration of responsibilities.  *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1453 (11th Cir. 1998).  It must be of a type that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (internal quotation omitted).

If a plaintiff makes the requisite showing of a *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, nonretaliatory reason for its actions.  *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed.2d 668 (1973).  If the employer articulates one or more reasons, then the presumption of retaliation is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the

employer is a pretext for illegal retaliation. *Id.*

The plaintiff may demonstrate pretext "by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation omitted). "However, a reason is not pretext for discrimination unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Id.* at 1349 (quotation omitted) (emphasis in original). Further, an employer's deviation from its own standard procedures does not, by itself, establish pretext. *Id.* at 1350.

Assuming that Bryant established a *prima facie* case, we conclude, as the district court did, that U.S. Steel offered a legitimate, nondiscriminatory reason for its action, and she did not show that reason was pretextual. This is how the district court put it,

> Even if Bryant could establish a prima facie case of retaliation, [U.S. Steel] articulated a legitimate, nonretaliatory reason for not reinstating Bryant: she has not been declared fit to work as required by the arbitration decision. Under the arbitration decision, Bryant's reinstatement is contingent upon her being declared fit to work by a licensed psychiatrist or psychologist who is mutually agreeable to the union and [U.S. Steel]. The union and [U.S. Steel] agreed upon Dr. Thurstin, and it is undisputed that he has not declared Bryant fit to work. As evidence of pretext, Bryant argues that because she

8

underwent treatment, as suggested by Dr. Thurstin, she should be "put back to work." In essence, Bryant contends that [U.S. Steel's] 's reasons for not reinstating her is unworthy of credence. Her argument, however, fails. Although it is true that Dr. Thurstin suggested that she receive treatment for certain conditions, [U.S. Steel] never agreed to reinstate Bryant if she merely received treatment. Instead, [U.S. Steel] insists that under the arbitrator's award, Bryant had to be deemed fit to work by Dr. Thurstin, the doctor both the union and [U.S. Steel] agreed to. It is undisputed that has not occurred. 'If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. Simply quarreling with that reason is not sufficient' to establish pretext. Chapman [v. AI Transport, 229 F.3d 1012], 1030 [(11th Cir. 2000)]. Therefore, Bryant's claim of retaliation in [U.S. Steel's] failure to reinstate her fails as a matter of law.

Memorandum of Decision, June 21, 2010. In sum, Bryant's retaliation claim fails.

AFFIRMED.