[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14283
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22741-UU

WENDELL BECKLES,
individually,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,

Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 11, 2012)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Wendell Beckles, a black male, appeals the district court's grant of defendant Federal Express Corporation's ("FedEx") motion for summary judgment as to Beckles's complaint alleging race discrimination, raised pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Beckles, a former Managing Director for FedEx Air Ground and Freight Services ("AGFS") South, asserts that the district court improperly granted summary judgment on his Title VII and § 1981 race discrimination claims because: (1) he established a prima facie case of discrimination by showing that white FedEx Managing Directors Jackie Nichols and Flynn Wallace were valid comparators; (2) the district court abused its discretion when it excluded past racial comments made by FedEx Senior Vice President Michael Pigors because they showed that FedEx's legitimate, nondiscriminatory reason for terminating him -- that he failed to detect and possibly knew about mileage reimbursement fraud perpetrated by two of his subordinates -- was a pretext for race discrimination; and (3) even without Pigors's past comments, he established that FedEx's nondiscriminatory reason for his termination was pretextual. After thorough review, we affirm.[1]

---

[1] Nevertheless, we GRANT Beckles's motion for permission to file an out-of-time reply brief.

We review de novo a district court's grant of summary judgment. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). We view all evidence, and draw all reasonable inferences, in favor of the non-moving party. Id. We review the district court's evidentiary decisions for abuse of discretion. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).

Title VII prohibits an employer from discharging an employee, or otherwise discriminating against him with respect to his employment, on the basis of race. See 42 U.S.C. § 2000e-2(a)(1). Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Furthermore, the elements of a race discrimination claim under § 1981 are the same as Title VII disparate treatment claims in the employment context. Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002).

In reviewing discrimination claims supported by circumstantial evidence, courts may use the three-step burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). First, the plaintiff must make out a prima facie case of employment discrimination. Vessels, 408 F.3d at 767. Second, the burden of production shifts to the employer to provide a legitimate, nondiscriminatory reason for its employment action. Id. at 767-68. Third, the plaintiff must then show that the employer's reason was false and a pretext for race

3

discrimination. Id. at 768. While district courts may analyze employment discrimination claims under the McDonnell Douglas framework, a plaintiff need not establish the McDonnell Douglas elements in order to survive summary judgment. Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). The plaintiff will survive summary judgment where he presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Id. (quotations omitted).

In order to establish a prima facie case of discriminatory discharge, the plaintiff must show that he (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was discharged for misconduct that was nearly identical to that engaged in by employees outside of his protected class who were not discharged. Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1185 (11th Cir. 1984). In addressing whether comparator employees were similarly situated to the plaintiff, we consider whether the comparators were involved in, or accused of, the same or similar conduct and disciplined differently. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). The quality and quantity of the misconduct must be nearly identical in order to prevent courts from second-guessing reasonable employer decisions, "and confusing apples with oranges." Id.

4

Here, the district court did not err when it determined that Beckles failed to establish a prima facie case of discriminatory termination because he did not establish valid comparators. As for Nichols, Beckles did not establish that the quantity or quality of Beckles's misconduct was nearly identical to Nichols's misconduct. Reggie Owens, Vice-President ("VP") of AGFS South, said that he terminated Beckles for his "absolute failure to be responsible with the finances of the company" by allowing gross fraud to happen in his chain-of-command. Beckles's subordinates perpetrated approximately $180,000 in mileage reimbursement fraud, while under Nichols FedEx was defrauded of only $18,378 (and it is not even clear whether it was committed by Nichols's "subordinates"). Indeed, when asked why he did not also terminate Nichols, Owens said that Nichols's actions were "not as egregious as hundreds of thousands of dollars being defrauded from the company." Additionally, the quality of Beckles's and Nichols's respective misconduct differed -- Beckles's misconduct was the complete abandonment of his acknowledged responsibility to audit and approve mileage reimbursement requests, which he completely delegated to his administrative assistant, whereas Nichols's misconduct involved giving his password to an employee on one occasion for a purpose other than mileage approval.

Nor did Beckles establish that Wallace was a valid comparator because, among other things, the fraud committed by their subordinates differed. Wallace's

5

subordinate falsified check requests, forged Wallace's signature, and then submitted those false check requests directly to accounting. Beckles's subordinate, on the other hand, submitted her fraudulent mileage reimbursement requests directly to Beckles, who approved them via his delegation to his administrative assistant. Moreover, Wallace only directly approved $288.77 in fraudulent check requests, making the scale of the fraud for which he was responsible significantly less than the massive amounts of mileage reimbursement fraud that Beckles approved through his administrative assistant.

Finally, Nichols and Wallace differed from Beckles in one further significant respect -- Beckles's subordinate claimed that Beckles knew about, and approved of, her mileage reimbursement fraud. Beckles's Warning Letter alleged that he may have known of the fraud, and Senior VP Pigors explicitly said that he believed Beckles had been complicit in the subordinate's fraud. In contrast, there is nothing in the record implicating Wallace or Nichols in the fraud. Accordingly, Beckles did not establish valid comparators, and the district court did not err when it determined that Beckles failed to establish a prima facie case of employment discrimination.[2]

---

[2] Moreover, Beckles's reliance on a Declaration by Gwen Rouzan, Managing Director of Human Relations ("HR") for AGFS South, for the proposition that FedEx admitted to the comparability of Nichols and Wallace is misplaced. Among other things, any statements by Rouzan regarded FedEx's internal attempts to comply with Title VII and Beckles has provided no authority for why any comparator determination she made should have been binding on the district court.

We also are unpersuaded by Beckles's claim that he has shown pretext.  A plaintiff may show pretext by pointing to the weaknesses, implausibilities, inconsistencies, and contradictions in the employer's rationale.  Holland v. Gee, 677 F.3d 1047, 1055-56 (11th Cir. 2012).  The plaintiff must show that the evidence, when viewed as a whole, creates a reasonable inference that the employer engaged in discrimination.  Lockheed-Martin, 644 F.3d at 1326.  While a comment unrelated to the termination decision may contribute to a circumstantial case for pretext, it will usually not be sufficient absent some additional evidence supporting a finding of pretext.  Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1229 (11th Cir. 2002). .  The plaintiff's assertion that  his supervisor was "out to get him" does not establish pretext for race discrimination.  See Kelliher v. Veneman, 313 F.3d 1270, 1276 n.8 (11th Cir. 2002).  We do not sit as a super-personnel department, and we do not review the wisdom of an employer's business decisions, no matter how mistaken, as long as the action was not for a prohibited discriminatory reason.  Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266-67 (11th Cir. 2010).

Evidence of a "wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed.R.Evid. 404(b)(1).  Furthermore, "[t]he [district] court may

7

exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed.R.Evid. 403.

Here, the district court did not abuse its discretion when it refused to consider certain remarks to show pretext. Specifically, the district court deemed inadmissible the decade-old deposition testimony of a former FedEx VP, Michael Snyder, in which he alleged that, in the mid-1990s, Pigors had referred derogatorily to black persons. While Beckles argues that we allowed similar evidence to support a showing of pretext in Ross v. Rhodes Furniture, Inc., 146 F.3d 1286 (11th Cir. 1998), he misses that, under Rule 403, the relevant inquiry is not whether the evidence is probative of pretext, but whether the probative nature of the evidence was substantially outweighed by the potential for unfair prejudice. See Fed.R.Evid. 403. Because Beckles argues only that the evidence here was probative, he has not shown that the district court abused its discretion when it excluded Pigors alleged remarks as unduly prejudicial. This is especially true given the unrelatedness of the comments to Beckles's termination and their removal from his termination by approximately 15 years.[3]

---

[3] Indeed, we have held that the kinds of comments in Ross, when made in an unrelated context, were insufficient to create an inference of pretext when standing alone. See Scott, 295 F.3d at 1229-30 (citing Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002)).

8

In addition, Beckles's other circumstantial evidence did not create a convincing mosaic sufficient to show that the real reason for his termination was his race (rather than because of FedEx's stated reliance on his leadership failure).  Beckles's additional circumstantial evidence of pretext consists of: (1) a management meeting where Pigors directed management to vote for John McCain, rather than Barack Obama; (2) Rouzan's statement that Pigors decided to terminate Beckles when he heard of the allegations of fraud leveled against Beckles's subordinate; and (3) Rouzan's statement that she had worked on previous cases in which Pigors was accused of making racial comments.

For starters, the management meeting provides no basis to show pretext because Pigors did not urge management to vote for McCain because of McCain's race.  Second, even if Pigors decided to terminate Beckles the moment he heard the allegation that Beckles's subordinates had committed fraud, such a conclusion, while perhaps rash and unwise, is not prohibited by Title VII.  See Alvarez, 610 F.3d at 1266-67.  The mere fact that Pigors sought to oust Beckles does not show that he targeted Beckles because of his race.  See Kelliher, 313 F.3d at 1276 n.8.  Finally, Rouzan's statement that unnamed others had accused Pigors of making racial remarks at some point in the past, which she identified as the "Satchell case," was so vague and unrelated to Beckles's termination that it could not have created the requisite

9

"mosaic of circumstantial evidence" to establish pretext.  See Lockheed-Martin, 644 F.3d at 1328.  Thus, even if Beckles showed that FedEx's reasons for terminating him were false, he did not show that its real reason was racial discrimination.  Accordingly, Beckles did not show that he established pretext, and we affirm the district court's grant of summary judgment to FedEx.

**AFFIRMED.**