[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14287
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21364-PCH

GREGORY L. JOHNSON,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 1, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Johnson, a black male, appeals the summary judgment the District

Court's granted the U.S. Department of Veterans Affairs ("the VA") in his employment discrimination case, filed pursuant to Title VII, 42 U.S.C. § 2000e-16, and 42 U.S.C. § 1981. Johnson claimed that the VA failed to promote him to a supervisor position on account of his race. The District Court denied the claim because Johnson failed to show that the VA's reason for not promoting him—that he was not the best candidate for the position—was a pretext for discrimination. [1] He argues that the court erred in making that determination because, among other things, the panel formed to interview the candidates for the position was improperly composed and failed to interview him (and others similarly situated) in violation of the collective bargaining agreement ("CBA") between the VA and the American Federation of Government Employees. We affirm.

We review a district court's grant of summary judgment *de novo*, viewing the record and drawing all inferences in favor of the non-moving party. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300-01 (11th Cir. 2012). We may affirm the district court on any adequate ground, however, even if it is other than the one on which the court relied. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

Summary judgment is proper if the movant shows that there is no genuine

---

[1] Johnson also argues that the District Court erred in requiring him to show pretext because the VA's race neutral reason for the challenged employment decision was merely *post hoc* justification. Johnson did not present this this argument to the District Court; hence, we decline to address it. *See Ramirez v. Secretary, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249-50 (11th Cir. 2012).

issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact, but "[o]nce the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Kernel Records Oy*, 694 F.3d at 1300. "Evidence that is merely colorable, or is not significantly probative of a disputed fact cannot satisfy a party's burden, and a mere scintilla of evidence is likewise insufficient." *Id.* at 1301 (citations and quotations omitted).

"Title VII prohibits employers—including the federal government—from discriminating against employees on the basis of race." *Ramirez v. Secretary, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012); 42 U.S.C. § 2000e-16(a). This provision, § 2000e-16(a), expanded coverage of Title VII to federal employees to the same extent that it was already applicable to non-federal employees. *Llampallas v. Mini–Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir.1998) (citations omitted). Relatedly, under 42 U.S.C. § 1981, an employee has a right to be free of discrimination by an employer based on race in the performance of a contract. 42 U.S.C. § 1981(a). These two statutes "have the same requirements of proof and use the same analytical framework." *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002).

In considering whether to grant summary judgment of an employment

3

discrimination claim based on circumstantial evidence, as was the case here, the District Court assesses the claim using the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case. *Id.* at 802, 93 S.Ct. at 1824. Here, there is no dispute that Johnson made out a *prima facie* case—that is, that he belonged to a protected class based on his race; that he was qualified for and applied for the open position; that he was not selected; and finally, that the position was filled by an individual outside his protected class. *See Vessels v. Atlanta Independent School System*, 408 F.3d 763, 768 (11th Cir. 2005) (articulating *prima facie* elements for discriminatory failure to promote claim). The burden thus shifted to the VA to produce a legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802-03, 93 S.Ct. at 1824. Here, the selection of the candidate deemed to be the most qualified, even if based on the subjective criteria of the decisionmaker, was legally sufficient to meet the VA's burden of production. *See Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348-1350 (11th Cir. 2007).

Since the VA satisfied this burden of production, Johnson had to come forward with evidence sufficient to permit a reasonable fact finder to conclude that

the reasons the VA gave were pretextual. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).  He could do so by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the VA's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer*, 509 F.3d at 1348.  Importantly, conclusory allegations of discrimination, without more, are insufficient to show pretext. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).  Moreover, "[a] reason is not pretext for discrimination unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (emphasis in original and quotations omitted).

When analyzing the issue of pretext, the "[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*) (quotations omitted).  Regarding the use of subjective evaluations of a job candidate's qualifications, we have stated that "subjective evaluations of a job candidate are often critical to the decisionmaking process." *Id.* at 1033.  "Personal qualities also factor heavily into employment decisions concerning supervisory or professional positions." *Id.*  Although an interview may be critical in evaluating a

5

candidate's personal qualities, it may not be necessary where the decisionmaker has first-hand knowledge of the candidate. *See Springer*, 509 F.3d at 1350. In the context of a promotion, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Brooks*, 446 F.3d at 1163 (quotations omitted). To show pretext by a disparity in qualifications, Johnson had to show that "the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over [him]." *Springer*, 509 F.3d at 1349 (quotation omitted). Even where an employer violates internal policies in a hiring decision, it does not necessarily indicate racial discrimination. *See id.*

Here, the District Court determined that Johnson failed to rebut the VA's nondiscriminatory rationale for its decision and thus failed to raise an inference of pretext. We find no error in its determination. As the court recognized, even if the interview panel's composition and its failure to interview Johnson constituted violations of the collective bargaining agreement ("CBA") between the VA and the American Federation of Government Employees, a breach of internal policies alone does not amount to a showing of pretext. *See Springer*, 509 F.3d at 1350.

Moreover, notwithstanding any such violations, the VA presented a valid nondiscriminatory reason for declining to interview the internal candidates, namely management's personal familiarity with each. *See id.* Indeed, Johnson even admitted that he had been interviewed for the open position three times previously, including once or twice by his second-line supervisor, who was also the recommending official for the open position.

Moreover, while the panel included an individual from a different division not intimately familiar with the responsibilities of the Supervisory USRO position to which Johnson applied, that individual was a last minute substitution owing to an emergency and there is no indication in the record that he harbored a racially discriminatory intent. As for the qualifications matrix used to evaluate Johnson and the other internal candidates, there does not appear to be any evidence that it was first utilized in this instance, but even if so, there is nothing suspect in the criteria employed—i.e., the quality of the candidates' applications, their supervisory experience, and an overall HR rating. While these factors certainly allowed for a large measure of subjective evaluation, that is permitted under Title VII. *Chapman*, 229 F.3d at 1033.

Next, it does not follow, as Johnson contends, from the fact that his personnel record does not recount any notable deficiencies in attention to detail and communication skills—two qualifications important for the open position

7

alluded to by management—that he was *more qualified* in these respects than was the external candidate who was hired.  But even assuming that Johnson was more qualified, the disparity between the two was not so great that no reasonable person could have passed over him.  Finally, the recommending official's alleged statement, when read in context, appears benign.  It may, to be sure, signal a lack of confidence in Johnson and the other internal candidates, but it does not suggest that the official's assessment was premised on account of race.

For these reasons, the judgment of the District Court is

AFFIRMED.