[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23, 2007
THOMAS K. KAHN
CLERK

No. 06-11419

D.C. Docket Nos. 00-03610-CV-RRA-NE
02-03146-CV-RRA

BEVERLY CHAMBLESS,

Plaintiff-Appellant,

versus

LOUISIANA-PACIFIC CORPORATION,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 23, 2007)**

Before CARNES, PRYOR and FARRIS,* Circuit Judges.

FARRIS, Circuit Judge:

_____
*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Beverly Chambless, a 48-year-old Caucasian female, alleged that her former employer Louisiana-Pacific denied her promotions due to her age and gender, subjected her to a sexually hostile work environment, and retaliated against her for bringing discrimination complaints, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Chambless also asserted state law claims for negligent training, supervision, and retention.

Two years later, Chambless filed an additional lawsuit alleging that Louisiana-Pacific terminated her in retaliation for her Equal Opportunity Employment Commission charge and prior lawsuit. The two cases were consolidated by a magistrate judge, who dismissed Chambless's sexual harassment and state law claims and denied her various motions on the remaining claims. We affirm.

Chambless argued that although she was told that she was disqualified from consideration for a promotion due to her failure to properly complete Family Medical Leave Act paperwork during sick leave, Louisiana-Pacific created the requirement for the purpose of denying her the promotion based on her gender and age. She further alleged that numerous instances of sexual harassment occurred during her employment with Louisiana-Pacific, creating a hostile work

environment. Among other things, Chambless alleged that she suffered from: sexual touching, jokes, and propositions by male employees; a male coworker raising her dress and placing his head between her legs; ridicule because of her pregnancy; social isolation; and disparate job conditions such as requiring her to arrive fifteen minutes earlier than her male coworkers and not allowing her to take breaks during her shift as a crane operator. Chambless also alleged that Louisiana-Pacific retaliated against her for filing the complaints by failing to promote her, eventually firing her using her violation of the company's smoking policy as a pretext.

Chambless's hostile work environment claim was dismissed as untimely. The state law claims predicated on the hostile work environment claim were also dismissed. The magistrate judge bifurcated trial of the remaining claims (failure to promote and retaliatory discharge) into liability and damages phases. The jury returned a verdict for Louisiana-Pacific, finding that although retaliation was a motivating factor in Chambless's termination, "the defendant would have fired the plaintiff for a nondiscriminatory motive anyway." The jury also found for Louisiana-Pacific on the failure to promote claim.

On appeal Chambless makes numerous arguments. We discuss three, adopting the magistrate judge's conclusions for the remainder. Chambless argues

that Louisiana-Pacific failed to articulate a "legitimate" reason for not promoting her, entitling her to judgment as a matter of law. She argues for a new trial or an amended judgment based on challenges to the mixed-motive jury instruction, dismissal of her federal and state claims, and bifurcation of the trial. Finally, she argues that she consented to the magistrate judge's jurisdiction over her first, but not her second, lawsuit.

## I. Motion for Judgment as a Matter of Law

Chambless challenges the magistrate judge's denial of her Federal Rule of Civil Procedure 50 motion for judgment as a matter of law. Under Rule 50, a court may render judgment as a matter of law when there is no legally sufficient evidentiary basis to find for a party who has been fully heard on an issue. FED. R. CIV. P. 50. We review Rule 50 motions de novo, viewing the evidence in the light most favorable to the nonmoving party. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1312 (11th Cir. 2006).

Chambless argues that she plead a *prima facie* case of sex- and age-based discriminatory failure to promote and that in response Louisiana-Pacific failed to meet its burden of articulating "some legitimate, nondiscriminatory reason for [her] rejection." *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). She asserts that Louisiana-Pacific's proffered reason – that she improperly

4

filled out sick leave paperwork – was a violation of the FMLA and cannot be "legitimate." She contends that the presumption of discrimination raised by her *prima facie* case therefore stands unrebutted, entitling her to judgment as a matter of law. *See Turnes v. AmSouth Bank*, 36 F.3d 1057, 1061 (11th Cir. 1994).

Chambless's argument was addressed and dismissed by the Supreme Court in *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). In *Hazen Paper*, the Court held that "a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." *Id.* at 610. Thus, proof that Louisiana-Pacific violated the FMLA is irrelevant to the inquiry into whether Louisiana-Pacific discriminated against her based on her protected traits.

Chambless failed to demonstrate that gender and age, her protected traits, determinatively influenced Louisiana-Pacific's failure to promote her. The magistrate judge correctly denied Chambless's contention that there was no legally sufficient evidentiary basis to find for Louisiana-Pacific.

## II. Motion for a New Trial or Amended Judgment

### A. Waiver of "Mixed-Motive" Defense

Chambless argues that Louisiana-Pacific waived the affirmative "mixed-motive" defense – which concedes that an improper motive played a role in the

5

employer's action while asserting that another, valid reason would have resulted in the same decision – by not properly pleading it. Therefore, she contends, the magistrate judge erred in instructing the jury on the defense. *See* FED. R. CIV. P. 8(c) (listing affirmative defenses parties must plead). "We apply 'a deferential standard of review'" to a magistrate judge's jury instructions if they accurately reflect the law. *See Wright v. CSX Transp., Inc.*, 375 F.3d 1252, 1256 (11th Cir. 2004) (citation omitted).

We need not decide the extent to which the mixed-motive defense is governed by Rule 8(c)'s pleading requirements where the defense is included in the pretrial order and thus gives the plaintiffs and the court sufficient notice. *See Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999). In *Pulliam* the mixed-motive defense was included in the pretrial order, though the defendant did not mention the defense by name, simply alleging that any adverse employment actions suffered by the plaintiff "were either a result of his own request or of his unsatisfactory performance in his position." *Id.* Here, Louisiana-Pacific asserted in its answer that its actions against Chambless "were taken, made, and done in good faith for legitimate non-discriminatory, job-related business reasons and/*or were based on factors other than her reporting alleged sexual discrimination*." (emphasis added).

6

Louisiana-Pacific's language was less specific than the *Pulliam* plaintiffs', but it put Chambless on notice that one or more reasons other than retaliation would be at issue. Given her knowledge that Louisiana-Pacific had purportedly fired her for smoking in her crane cab, Chambless had warning of what would be litigated at trial. The magistrate judge did not err in allowing Louisiana-Pacific to proceed with the mixed-motive defense.

## B. Timeliness of Sexual Harassment Claim

The magistrate judge granted Louisiana-Pacific summary judgment on Chambless's sexual harassment claim, dismissing them as untimely. We review a grant of summary judgment de novo, viewing evidence in the light most favorable to the nonmoving party. *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Discrete acts of harassment actionable as unlawful employment practices, such as Louisiana-Pacific's failure to promote and retaliation, fell within the limitations period. However, the non-discrete acts making up her hostile work environment claim – which are not individually actionable – fell outside the

7

limitations period.[1]  The magistrate judge determined that timely discrete acts of discrimination could not save untimely non-discrete acts,  relying on *Porter v. California Department of Corrections*, 419 F.3d 885, 892-93 (9th Cir. 2005).

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court set forth general principles to determine whether timely acts can save non-timely acts.  It held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113.  The limitations period begins running the day the discrete act occurs.  *Id*.  In contrast, hostile work environment claims continue to occur over time.  *Id*. at 117.  Thus, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period.  *Id*. at 120.

Where the discrete act is sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim. The pivotal question is whether the timely discrete acts are sufficiently related to the hostile work environment claim.  Here, the discrete acts do not meet

---

[1]A hostile work environment claim depends on "a series of separate acts that collectively constitute one 'unlawful employment practice.'"  *Morgan*, 536 U.S. at 117 (citation omitted).

that test.  The circumstances surrounding Louisiana-Pacific's failure to promote and retaliation against Chambless do not suggest that those discrete acts were the same type of "discriminatory intimidation, ridicule, and insult" that characterized the untimely allegations.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  The timely discrete acts are thus not part of the sexual harassment hostile work environment claim and therefore cannot save the earlier, untimely acts that comprise that claim.

Once the magistrate judge dismissed the federal sexual harassment charge, Chambless was required to establish some other underlying tort in order to prevail in her state law claims for negligent training, supervision, and retention.  *See Univ. Fed. Credit Union v. Grayson*, 878 So. 2d 280, 291 (Ala. 2003) (noting "that a party alleging negligent supervision and hiring must prove the underlying wrongful conduct").  Chambless argues that certain discriminatory acts that she alleged constituted assault and battery and invasion of privacy.  The statute of limitations for those torts is two years.  ALA. CODE § 6-2-38(l), (n) (1975).  The alleged acts that Chambless argues constituted assault and battery and invasion of privacy occurred more than two years prior to the date she filed her complaint, rendering them untimely.  Chambless thus failed to prove an underlying state or federal tort.  The magistrate judge properly dismissed the state law claims.

### III. Magistrate Judge's Jurisdiction over Retaliation Claim

Chambless argues that she did not expressly consent to the magistrate judge's jurisdiction over her retaliation claim, as she did for her earlier action, and that consolidation of her complaints did not cure that defect. She concludes that the magistrate judge lacked jurisdiction to adjudicate the second complaint and it should be remanded for trial before an Article III judge.

Although we have required that consent to a magistrate judge's jurisdiction be "express and on the record," *Rembert v. Apfel*, 213 F.3d 1331, 1334 (11th Cir. 2000), the Supreme Court held in *Roell v. Withrow*, 538 U.S. 580 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent "where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id.* at 589-90.

Chambless consented to the magistrate judge's jurisdiction over her original case and thus knew of the need for consent and the right to refuse it. She made no objection to the magistrate judge's jurisdiction over her retaliation claim for eight months, waiting instead until six days prior to trial. Eight months of continual

participation in pretrial proceedings justifies the inference of consent from a litigant aware of the need to consent.

AFFIRMED.