[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12025

_____

D.C. Docket No. 05-01497-CV-ORL-22-JGG

DANITA DAVIS,

Plaintiff- Appellant,

versus

SAILORMEN, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 18, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

Danita Davis appeals the district court's order granting summary judgment in favor of Sailormen, Inc., in her action alleging disability discrimination pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I. BACKGROUND

Davis was born with a right arm that is shorter and smaller than her left arm. She also lacks a thumb on her right hand. Davis's condition does not prevent her from work that entails lifting and carrying objects. Sailormen, Inc., is a franchisee of Popeyes restaurants and operates a Popeyes in Merritt Island, Florida.

On June 21, 2005, Davis interviewed for a cook job at the Merritt Island Popeyes with manager Terrance Lakeman. During the interview, Davis alleges that Lakeman told her that "he didn't know if he could hire [her] because of [her] arm." He explained that he "didn't think that [she] could handle the lifting and anything else that came along with it." Davis did not receive the job.

## II. STANDARD OF REVIEW

"We review a grant of summary judgment de novo, viewing evidence in the light most favorable to the nonmoving party." *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1349 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III. DISCUSSION

Davis contends that Sailormen Inc., via Lakeman, regarded her as disabled. 42 U.S.C. § 12102(2)(C). An individual is "regarded as" disabled if she (1) has an impairment that does not substantially limit a major life activity, but is treated by an employer as though it does; (2) has an impairment that substantially limits a major life activity only because of others' attitudes towards the impairment; or (3) has no impairment whatsoever, but is treated by an employer as having a disability recognized by the ADA. 29 C.F.R. § 1630.2(*l*). To prevail on a perception theory of disability discrimination, Davis must show: "(1) that the perceived disability involves a major life activity; and (2) that the perceived disability is substantially limiting and significant." *Rossbach v. City of Miami*, 371 F.3d 1354, 1360 (11th Cir. 2004) (internal quotations omitted). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

We understand but reject Davis's argument that Sailormen regarded her as substantially limited in the major life activities of maneuvering, scrubbing, heavy lifting, grasping, manipulating items, and "other major life activities." Assuming,

*arguendo*, that the foregoing all constitute major life activities, the record indicates that Lakeman was referring to tasks associated with the cook job, and not commenting on Davis's ability to perform these tasks in daily life. The Supreme Court has cautioned against recasting "an inability to perform a specific job . . . as an inability to perform a 'class' of tasks associated with that specific job." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 201 (2002). We therefore address whether Sailormen regarded Davis as substantially limited in the major life activity of working.

To meet her burden, Davis must show that Sailormen considered her "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i); *see also Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1157 (11th Cir. 2005). Nothing in the record suggests that Sailormen regarded Davis as unable to perform a broad range of jobs. While Davis contends that Lakeman regarded her as incapable of holding any job at Popeyes, it is undisputed that Lakeman was only hiring for the cook job at the time of Davis's interview. Davis did not testify that Lakeman discussed any jobs besides the cook position with her.

Lakeman's comments do suggest that he perceived Davis as unable to work

4

as a fast-food cook.[1]  However, "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Rossbach*, 371 F.3d at 1359.  Davis failed to show that Sailormen regarded her impairment as substantially limiting her ability to work.

**AFFIRMED**.

---

[1]Davis does not argue that a fast food cook is a 'class of jobs' within the meaning of the ADA.