**CORRECTED**                    [PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14464

_____

D.C. Docket No. 9:11-cv-81025-KLR

GEORGE T. HAWES,

Plaintiff-Appellee,

versus

MICHAEL J. GLEICHER,

Intervener-Appellant,

versus

MADISON AVE. MEDIA, INC.

Defendant

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before TJOFLAT, WILSON, Circuit Judges, and PROCTOR,* District Judge.

TJOFLAT, Circuit Judge:

_____

* The Honorable R. David Proctor, United States District Judge for the Northern District of
Alabama, sitting by designation.

I.

On September 12, 2011, George T. Hawes ("Hawes"), a New York citizen, brought this action against Madison Avenue Media, Inc. ("MAM"), a Delaware corporation based in Boca Raton, Florida.[1]  Hawes is a MAM secured creditor.  He holds two Convertible Promissory Notes: one executed on February 18, 2011, in the principal amount of $500,000 and due on February 17, 2012, the other on July 29, 2011, in the principal of $500,000 and due on demand.  Each note is secured by a Security Agreement having a lien on certain items of MAM's property.  Hawes's complaint contains four "Claims for Relief."  Claim One alleges that the February 18, 2011 note is in default; Claim Three alleges that MAM has refused Hawes's demand for payment on the July 29, 2011 note.  Both claims seek a judgment for "actual and consequential damages, interest, attorneys' fees, costs, and such other relief as may be just and equitable in the circumstances."  Claims Two and Four allege that MAM breached certain promises contained in the Security Agreements and seek judgment for the same relief as Claims One and Three.[2]

---

[1] Hawes invoked the District Court's diversity jurisdiction under 28 U.S.C. § 1332 (2006).

[2] Neither Claim Two nor Claim Four seeks foreclosure on the property subject to the Security Agreement liens.  Thus, Hawes brought suit not as a secured creditor but as a general creditor.

2

MAM failed to respond to Hawes's complaint, and on October 11, 2011, Hawes obtained a Clerk's Default.[3] Two weeks later Hawes moved the District Court for entry of a Default Judgment against MAM.[4] Before the court ruled on Hawes's motion, however, Michael Gleicher moved to intervene in the case— either as a matter of right[5] or in the alternative, permissively.[6] Gleicher sought

---

[3] See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[4] See Fed. R. Civ. P. 55(b)(2).  Rule 55(b) states:

(1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

     (A) conduct an accounting;
     (B) determine the amount of damages;
     (C) establish the truth of any allegation by evidence; or
     (D) investigate any other matter.

[5] See Fed. R. Civ. P. 24(a)(2).  Rule 24(a)(2) provides that:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under this rule "a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." Mt.

3

leave to intervene in two capacities: (1) as a MAM general creditor holding two Convertible Promissory Notes, one for $88,000 due on June 1, 2011, and in default, the other for $30,000 due on December 1, 2011; and (2) as a MAM shareholder.  He sought intervention for the purpose of standing in MAM's shoes and defeating Hawes's claims.  If successful, and MAM remained solvent (because it wouldn't have to pay Hawes), Gleicher represented that MAM would be able to retire the two notes and his shares would retain value.

The District Court granted Gleicher intervention[7] over Hawes's objection, though it was "not entirely convinced that Gleicher's intervention as a defendant in this action is the most appropriate or strategic course of action."  The court also vacated the Clerk's default.[8]  The District Court granted Gleicher intervention as MAM's codefendant even though Hawes's claims were brought only against

---

Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (citation omitted) (internal quotation mark omitted).

[6] See Fed. R. Civ. P. Rule 24(b).  Rule 24(b) provides, in relevant part, that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" and that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

[7] The District Court was not explicit as to whether it was granting intervention as matter of right or permissively.  Based on the court's language—"[t]he main issue raised by Gleicher's motion is whether his interests are being adequately represented"—we assume that it was granted as a matter of right.

[8] See Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)").  Here, Gleicher's intervention provided the good cause to set aside the default judgment.

4

MAM.  As MAM's codefendant, Gleicher filed an answer to Hawes's complaint denying its allegations on behalf of MAM.

On March 5, 2012, Hawes moved the District Court for summary judgment. His motion briefly stated that

> [t]he grounds for this motion are that there are no genuine issues of material fact as to whether (1) the defendant, Madison Avenue Media, Inc. ("MAM"), entered into the contracts with Hawes as alleged in Hawes' Complaint in this action; (2) MAM materially breached each of those contracts; and (3) Hawes has been damaged by MAM's breaches.

At the same time, Hawes moved the court to appoint a receiver, without bond, to represent the interest of MAM in the litigation.  The motion stated that it was being brought "pursuant to Federal Rule of Civil Procedure 66."  The memorandum Hawes filed in support of the motion stated that "[t]he appointment of a receiver in a civil case is authorized by 28 U.S.C. § 754 and Rule 66 of the Federal Rules of Civil Procedure."  Neither Rule 66[9] nor § 754[10] provided Hawes with the right to

---

[9]  Federal Rule of Civil Procedure 66 provides:

These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.  An action in which a receiver has been appointed may be dismissed only by court order.

[10]  28 U.S.C. § 754 states:

A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

obtain the appointment of a receiver in this <u>in personam</u> case prejudgment.[11]  The

District Court nonetheless granted Hawes's motion.[12]   In its order, the court

assumed exclusive jurisdiction and possession of MAM'S assets, and a person

recommended by Hawes and Gleicher was appointed receiver, without bond.

On May 23, 2012, the receiver filed a response to Hawes's motion for

summary judgment on behalf of MAM.  This response admitted that the Notes and

Security Agreements described in the four claims of Hawes's complaint were

---

He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto . . . .

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

[11]  Wright, Miller, and Marcus have the following to say about a federal court's authority to appoint prejudgment a receiver in an action such as the one at hand in which the plaintiff has a security interest in personal property—here a chattel mortgage—but seeks a money judgment instead of foreclosing on the security interest:

The appointment of a receiver by a federal court may be sought by any person or class having an interest in property that a statute or one of the general principles of equity authorizes the court to protect by this remedy.  Inasmuch as a receivership may interfere seriously with [a] defendant's property rights by ousting him or her from control, and sometimes even possession, <u>the party seeking it must show that he or she has some legally recognized right in that property that amounts to more than a mere claim against [a] defendant.</u>  Thus, a receiver ordinarily will not be appointed at the inadequacy of his remedy at law, because he has "no substantive right, legal or equitable, in or to the property of his debtor."  Of course, a receiver may be appointed, even at the request of a contract claimant, if the defendant admits the claim and consents to the appointment, provided that there has been no collusion between the parties that would deprive the court of jurisdiction under Section 1359 of Title 28.

12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, <u>Federal Practice and Procedure Civil</u> § 2983 (2d ed. 1997) (emphasis added) (footnotes omitted).

[12]  Gleicher did not object to the appointment of a receiver.

6

valid, that the notes were in default, and that Hawes was due the sum of $3,302,783.33.  Gleicher also filed a separate response to Hawes's motion for summary judgment, arguing that it "should be denied because no disclosure or discovery has occurred, and the motion is therefore premature."

On July 24, 2012, the District Court granted Hawes's motion for summary judgment finding that the "matter [was] ripe for adjudication" and that there were "no issues of material fact with respect to [Hawes's] claims against MAM." Hawes v. Madison Ave. Media, Inc., No. 11-cv-81025, slip op. at 1, 5 (S.D. Fla. July 24, 2012).  The court also noted that "Gleicher [was] not authorized to speak on behalf of MAM," and that he lacked "standing to challenge the Receiver's findings (or Plaintiff's claims, for that matter)." Id. at 5.  Following the entry of final judgment for Hawes, Gleicher lodged this appeal.  He asks that we vacate the District Court's judgment and remand the case for further proceedings on the grounds that the court erred (1) in refusing to allow discovery before ruling on Hawes's motion for summary judgment; and (2) in concluding that Hawes was entitled to judgment as a matter of law.

## II.

Reduced to its bare bones, this case is simple, yet bizarre.  We consider first Gleicher's status as a general creditor of MAM.  Hawes, a general creditor,[13] sues

---

[13] See supra note 2.

7

MAM, his debtor.  Another general creditor, Gleicher, intervenes to prevent Hawes from recovering.  Gleicher cites no source—either in common law or in a state statute—giving a general creditor the right to defend his debtor from another general creditor for the sole purpose of defeating the latter's claim.  Presumably, Gleicher would have us assume that the general creditor who brought suit owed a duty to the intervening general creditor (and all of the debtor's general creditors) not to sue to the debtor.  Hardly.

Consider Gleicher's status as a MAM shareholder.  Again, Gleicher cites no source—either in common law or in a state statute—giving a corporation's shareholder the right to intervene in a suit brought against the corporation by one of its creditors for the sole purpose of defeating the creditor's claim.  It requires no subtle analysis to conclude that a corporation's shareholder possesses no right to intervene in a lawsuit such as the one Hawes brought.

### III.

Once this case is stripped to these bare bones the question becomes whether Gleicher has standing to appeal the District Court's final judgment, based on his capacities as a creditor and shareholder.

"Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.'"  Alabama-Tombigbee Rivers Coal. v. Norton, 338 F.3d 1244, 1252 (11th Cir. 2003) (quoting U.S. Const. art. III, § 2); see also, Lujan

v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III.").  At an irreducible constitutional minimum, a plaintiff must show an injury-in-fact, a causal connection between the injury and the defendant's conduct, and a likelihood that the injury will be redressed by a favorable decision from the court.  Lujan, 504 U.S. at 560, 112 S. Ct. at 2136.  "In addition to these three constitutional requirements, the Supreme Court has held that prudential requirements pose additional limitations on standing."  Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353 (11th Cir. 2003).  For example, a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975).

"The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance."  Arizonans for Official English v. Arizona, 520 U.S. 43, 64, 117 S. Ct. 1055, 1067, 137 L. Ed. 2d 170 (1997).  A party's ability "to appeal a trial court judgment is governed by a body of doctrine distinct from that which controls standing to bring suit as a plaintiff, although there is a significant overlap between the two."  Knight v. Alabama., 14 F.3d 1534, 1556 (11th Cir. 1994).  One aspect of this overlap is

9

"the general rule that a party may not appeal to protect the rights of others." Id. (citation omitted) (internal quotation marks omitted).

Gleicher has not established, nor could he, that he suffered an injury-in-fact as a result of Hawes's filing of this lawsuit. Therefore, he lacked standing to intervene and he lacks standing to appeal the District Court's final judgment. On appeal, he is not asserting his own rights;[14] rather, he is asserting, albeit indirectly, MAM's rights. This appeal is accordingly dismissed.

SO ORDERED.

---

[14] The District Court's decision allowing Gleicher to intervene did not at once give him the injury-in-fact needed to intervene in the first place.

10