**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MICHELLE J. MALINIAK, | No. 12-17763 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00125-AWT |
| v. | |
| CITY OF TUCSON, a municipal corporation of the State of Arizona, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
A. Wallace TASHIMA, Senior Circuit Judge, Presiding

Argued and Submitted February 11, 2015
San Francisco California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Michelle Maliniak appeals the district court's grant of judgment as a matter

of law in favor of the City of Tucson ("City") on her claim of sexual discrimination

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title

VII"). Maliniak was an engineer in the Tucson fire department. She filed her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

charge of discrimination with the Equal Employment Opportunity Commission three hundred days after finding a sign on a fire department Hazmat truck, as described below. A jury found in favor of Maliniak on her Title VII hostile work environment claim and awarded her $35,000. In its verdict, the jury explicitly found that the truck sign incident, which was the only incident within the three hundred day limitations period, was a continuing part of Maliniak's earlier hostile work environment claim. In granting the City's Rule 50(b) motion, the district court concluded that the truck sign incident was not related to the earlier incidents, and that Maliniak's hostile work environment claim was therefore time-barred. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.     We review de novo a district court's grant or denial of judgment as a matter of law. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 941 (9th Cir. 2011). Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion that is contrary to the jury's verdict. *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009).

2.     The Supreme Court explained in *National Railroad Passenger Corp. v. Morgan* that, for a hostile work environment charge to be timely, "the employee

2

need only file a charge within . . . 300[1] days of any act that is part of the hostile

work environment." 536 U.S. 101, 118 (2002). The acts within and outside of this

period must have some "relation to" each other. *Id.* In other words, a court must

"determine whether the acts about which an employee complains are part of the

same actionable hostile work environment practice, and if so, whether any act falls

within the statutory time period." *Id.* at 120.

**3.** At Maliniak's assigned station, male firefighters repeatedly used the

women's bathroom, leaving it dirty and walking in on Maliniak. After Maliniak

brought the issue to her supervisor's attention, a captain put a sign on the women's

bathroom door that said "No Men." The next day, Maliniak found someone had

written "for me" next to "No Men." After finding the writing on the sign, Maliniak

discussed the issue with the chief of the fire department, who circulated a

memorandum reinforcing that the women's bathroom is exclusively for women.

Problems with the women's bathroom continued. Four months after the bathroom

sign incident and the circulation of the chief's memorandum, Maliniak found a

sign on a Hazmat truck in the course of her routine chores that said: "Fu@# You

Use Reverse B!*tch." A firefighter from a different shift had put the sign on the

_____

[1]The parties agree that 300 days is the applicable limitations period. *See* 42 U.S.C. § 2000e-5(e)(1).

truck as a practical joke intended for another firefighter on his shift four days before Maliniak found it. The firefighters involved and their supervisors knew about the bathroom sign incident before the truck sign incident.

4. Construing the evidence in the light most favorable to Maliniak, it was not unreasonable for a jury to conclude that the truck sign incident was related to the earlier bathroom incidents, and that all incidents were therefore part of the same actionable hostile work environment claim. *See Martin*, 560 F.3d at 1046. While we have considered "whether the earlier and later events amounted to 'the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same managers,'" *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2004) (quoting *Morgan*, 536 U.S. at 120) (alteration in original), *Morgan* did not limit the analysis to those factors.[2] *See* 536 U.S. at 120 (affirming use of those factors). Here, it was reasonable for the jury to conclude that the truck sign incident was related to the earlier bathroom incidents because both involved written signs that were denigrating to women, and the supervisors and firefighters

---

[2]Contrary to the dissent's argument, neither *Morgan* nor *Porter* limits us to a particular set of factors. In *Morgan*, the Supreme Court affirmed our consideration of relatedness, in which we assessed the type of employment action, the frequency of the alleged discriminatory acts, and whether they were perpetrated by the same managers. *Morgan*, 536 U.S. at 120-21. Similarly, *Porter* did not establish a test of factors. There, we stated that "we consider" the circumstances cited in *Morgan*. *Porter*, 419 F.3d at 893.

who allowed the sign to remain on the truck knew of the offensive bathroom sign. Having concluded that the trial evidence permits a conclusion that is not contrary to the jury's verdict, we reverse the grant of judgment as a matter of law and reinstate the verdict.

**REVERSED.**

<u>Maliniak v. City of Tucson</u>, No. 12-17763

HAWKINS, Senior Circuit Judge, dissenting:

I respectfully dissent.  The totality of the circumstances test for evaluating relatedness is inconsistent with our precedent in *Porter v. California Department of Corrections*, 419 F.3d 885 (9th Cir. 2005).  While the majority's approach may be preferable to our current rule, its adoption here would actually weaken Maliniak's claim.

Unlike other courts that have adopted a totality of the circumstances test,[1] the Ninth Circuit evaluates relatedness based on particular factors:  "[t]hus, to determine whether all of these events constitute 'one unlawful employment practice,' we consider whether they were 'sufficiently severe or pervasive,' and whether the earlier and later events amounted to 'the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same managers.'" *Porter*, 419 F.3d at 893 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–20

---

[1] *See, e.g.*, *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 951 (8th Cir. 2011); *McGullam v. Cedar Graphic, Inc.*, 609 F.3d 70, 81–8 (2d. Cir. 2010) (Calabresi, J. concurring); *Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007); *Lelaind v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1093 1102 (N.D. Cal. 2008).

(internal citations omitted). *Porter*, like *Morgan*, does not endorse a totality of the circumstances test.[2]

Applying *Porter*, I reach a different result than my colleagues in the majority. The posting of two off-color and offensive signs does not qualify as occurring "relatively frequently." Nor were the signs "severe or pervasive." Similarly, Maliniak offers no evidence that the two incidents "were perpetrated by the same managers." A mildly colorable argument can be made that the two signs were "the same type of employment actions" but the two signs were targeted to different individuals, separated in time by about four months, and placed in different locations. Thus, applying *Morgan*, as interpreted by *Porter*, I would affirm the district court.

---

[2] Since *Morgan* and *Porter*, no case decided by our court has adopted a totality of the circumstances test to evaluate whether incidents were part of the same actionable hostile work environment claim. A number of district courts in our circuit have adopted or applied *Porter*. *See, e.g.*, *Medina v. Donahoe*, 854 F. Supp. 2d 733, 749 (N.D. Cal. 2012); *Rekow v. Sebelius*, 2011 WL 1791272, at *3 (D. Ariz. May 11, 2011); *Panelli v. First Am. Title Ins. Co.*, 704 F. Supp. 2d 1016, 1023 (D. Nev. 2010); *Montoya v. Regents of Univ. of Cal.*, 2010 WL 2731767, at *7 (S.D. Cal. July 9, 2010); *Tu v. Kaiser Found. Health Plan of Nw.*, 2008 WL 3871742, at *11 (D. Or. Aug. 19, 2008); *Martin v. Idaho, Dep't of Corr.*, 2007 WL 1667597, at *3 (D. Idaho June 7, 2007). And, many of our sister circuits have echoed our decision in *Porter* by interpreting *Morgan*'s recitation of factors as a test. *See, e.g.*, *Baird v. Gotbaum*, 662 F.3d 1246, 1251 (D.C. Cir. 2011); *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 329 (5th Cir. 2009); *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1309 (10th Cir. 2005).

Interestingly, assuming *arguendo* that the majority's totality of the circumstances test was the right one, applying that approach actually weakens Maliniak's case. Considering all of the relevant factors, the posted signs were not very severe, the identity of those involved were different, the signs were posted in different locations and were separated temporally, and the conduct was not physically intimidating. Thus, I would still affirm the JMOL grant, even if the majority's test was the right one.