HAWKINS, Senior Circuit Judge,
dissenting:
I respectfully dissent. The totality of the circumstances test for evaluating relatedness is inconsistent with our precedent in Porter v. California Department of Corrections, 419 F.3d 885 (9th Cir.2005). While the majority’s approach may be preferable to our current rule, its adoption here would actually weaken Maliniak’s claim.
*629 Unlike other courts that have adopted a totality of the circumstances test,[1] the Ninth Circuit evaluates relatedness based on particular factors: “[t]hus, to determine whether all of these events constitute ‘one unlawful employment practice,’ we consider whether they were ‘sufficiently severe or pervasive,’ and whether the earlier and later events amounted to ‘the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same managers.’ ” Porter, 419 F.3d at 893 (quoting National R.R. Passenger Corp., v. Morgan, 536 U.S. 101, 116-20, 122 S.Ct. 2061, 153 L.Ed.2d 106 (internal citations omitted)). Porter, like Morgan, does not endorse a totality of the' circumstances test.[2]
Applying Porter, I reach a different result than my colleagues in the majority. The posting of two off-color and offensive signs does not qualify as occurring “relatively frequently.” Nor were the signs “severe or pervasive.” Similarly, Maliniak offers no evidence that the two incidents “were perpetrated by the same managers.” A mildly colorable argument can be made that the two signs were “the same type of employment actions” but the two signs were targeted to different individuals, separated in time by about four months, and placed in different locations. Thus, applying Morgan, as interpreted by Porter, I would affirm the district court.
Interestingly, assuming arguendo that the majority’s totality of the circumstances test was the right one, applying that approach actually weakens Maliniak’s case. Considering all of the relevant factors, the posted signs were not very severe, the identity of those involved were different, the signs were posted in different locations and were separated temporally, and the conduct was not physically intimidating. Thus, I would still affirm the JMOL grant, even if the majority’s test was the right one.

. See, e.g., Wilkie v. Dep’t of Health & Human Servs., 638 F.3d 944, 951 (8th Cir.2011); McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 81-82 (2d Cir.2010) (Calabresi, J. concurring); Chambless v. Louisiana-Pac. Corp., 481 F.3d 1345, 1350 (11th Cir.2007); Lelaind v. City & Cnty. of San Francisco, 576 F.Supp.2d 1079, 1093, 1102 (N.D.Cal.2008).

. Since Morgan and Porter, no case decided by our court has adopted a totality of the circumstances test to evaluate whether incidents were part of the same actionable hostile work environment claim. A number of district courts in our circuit have adopted or applied Porter. See, e.g., Medina v. Donahoe, 854 F.Supp.2d 733, 749 (N.D.Cal.2012); Rekow v. Sebelius, 2011 WL 1791272, at *3 (D.Ariz. May 11, 2011); Panelli v. First Am. Title Ins., Co., 704 F.Supp.2d 1016, 1023 (D.Nev.2010); Montoya v. Regents of Univ. of Cal., 2010 WL 2731767, at *7 (S.D.Cal. July 9, 2010); Tu v. Kaiser Found. Health Plan of Nw., 2008 WL 3871742, at *11 (D.Or. Aug.19, 2008); Martin v. Idaho, Dep’t., of Corr., 2007 WL 1667597, at *3 (D.Idaho June 7, 2007). And, many of our sister circuits have echoed our decision in Porter by interpreting Morgan’s recitation of factors as a test. See, e.g., Baird v. Gotbaum, 662 F.3d 1246, 1251 (D.C.Cir.2011); Stewart v. Mississippi Transp., Comm’n., 586 F.3d 321,. 329 (5th Cir.2009); Duncan v. Manager, Dep’t of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1309 (10th Cir.2005).