[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14115
Non-Argument Calendar

————————————————

D.C. Docket No. 2:18-cv-01930-CLM

SHAWNA STEWART,

Plaintiff-Appellant,

versus

JONES UTILITY AND CONTRACTING CO. INC.,
RICHARD JONES,
PATRICIA JONES,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(March 19, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This is an employment dispute.  Shawna Stewart alleges that she worked for some time at her father's company, Jones Utility and Contracting Co., Inc.  She later sued Jones Utility for hostile work environment (Counts One and Two) and retaliation (Counts Three and Four) under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).[1]  The district court dismissed her hostile-work-environment and retaliation claims when it found that she did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of an allegedly unlawful employment practice.  Though we agree with the district court that Stewart's hostile-work-environment claims are due for dismissal for failure to file a timely EEOC charge, we reverse the dismissal of her retaliation claims, because she has plausibly alleged that she filed her EEOC charge within 180 days of a retaliatory act.  We thus affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

## I.

We review de novo a district court's ruling on a motion to dismiss for failure to state a claim.  *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).  To survive a motion to dismiss, the complaint

---

[1] She also sued her father and her stepmother, Patricia Jones, individually under Title VII and the ADA.  And she filed a bevy of state-law claims and an ADA interference claim.  The district court dismissed these claims.  Because Stewart does not challenge their dismissal on appeal, she has abandoned these issues.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding that a party abandons an issue on appeal when she does not "plainly and prominently" raise it in her brief).

must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation mark omitted). A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claims. *Id*. We view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Procedurally, a plaintiff must exhaust her administrative remedies with the EEOC before filing a complaint for discrimination under Title VII or the ADA. *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339–40 (11th Cir. 2017); *see also* 42 U.S.C. § 12117(a) (incorporating Title VII filing requirements to ADA actions). This is a mandatory claims-processing rule, not a jurisdictional prerequisite, and a defendant may waive it as a defense if the issue is not timely raised. *Fort Bend Cty. v. Davis*, 587 U.S. __, 139 S. Ct. 1843, 1846, 1849, 1851 (2019). A plaintiff, absent an exception not relevant here, must file a charge with the EEOC within 180 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Only unlawful employment practices complained of in a timely filed charge of discrimination to the EEOC can form the basis for liability. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002).

3

Substantively, Title VII prohibits employers from discriminating against an individual "because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1); *Hulsey v. Pride Restaurants*, *LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004). Harassment is a viable claim under Title VII if, among other things, it is based on the plaintiff's sex. *Hulsey*, 367 F.3d at 1244–45. This includes claims of a gender-based hostile work environment. *Id*. at 1247–48. And as the ADA uses identical language, we assume for purposes of this opinion that an ADA hostile-work-environment claim exists as well. *Compare* 42 U.S.C. § 2000e-2(a)(1) (stating that no employer shall discriminate against any individual on the basis of sex "with respect to his compensation, terms, conditions, or privileges of employment"), *with* 42 U.S.C. § 12112(a) (stating that no employer "shall discriminate against a qualified individual on the basis of disability in regard to . . . employee compensation, . . . and other terms, conditions, and privileges of employment").[2]

In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court set forth general principles to determine whether timely filed acts in an EEOC charge can save non-timely acts. *See* 536 U.S. 101, 112–114 (2002). First, it held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113. The Court reasoned that

---

[2] Because we ultimately affirm the district court's dismissal of the ADA hostile-work-environment claim, we need not decide whether that cause of action does in fact exist.

"[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" were easy to identify, and each therefore "constitute[d] a separate actionable unlawful employment practice." *Id*. at 114 (internal quotation mark omitted). Further, the Court reasoned, because each is an identifiable violation of Title VII, "[e]ach discrete discriminatory act start[ed] a new clock for filing charges alleging that act." *Id*. at 113. A party, therefore, must file a charge within 180 days of the date of a discrete discriminatory or retaliatory act or lose the ability to recover for it. *Id*.

In contrast, the Court held that hostile-work-environment claims continue to occur over time. *Id*. at 115, 117. So the entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period. *Id*. A Title VII plaintiff cannot recover for acts that occurred before the filing period if such acts are no longer part of the same hostile-work-environment claim because of a "certain intervening action by the employer," like the employee's termination. *See id.* at 118.

We have concluded that the Supreme Court's ruling in *Morgan* "essentially rejected the continuing violation doctrine and simplified the law by allowing courts to view allegations of a hostile work environment as a single unlawful employment practice." *Shields v. Fort James Corp*., 305 F.3d 1280, 1281–82 (11th Cir. 2002)

5

(internal quotation marks omitted). We reasoned that if the smallest portion of that "practice" occurred within the limitations period, then a court should consider it as a whole. *Id.* And in *Chambless v. Louisiana-Pacific Corp.*, we held that the employer's retaliation against the employee was a discrete act that was not the same type of "discriminatory intimidation, ridicule, and insult" characterizing the employee's untimely hostile-work-environment allegations. 481 F.3d 1345, 1350 (11th Cir. 2007). We thus held that the timely discrete act of retaliation was not part of the employee's hostile-work-environment claim and could not save the earlier, untimely acts that comprised that claim. *Id.*

Against this backdrop, the district court was right to dismiss Stewart's hostile-work-environment claims. Stewart agrees that she was terminated in November 2016. The hostile work environment effectively ended on this date, as there was no longer a "work" environment. *See Morgan*, 536 U.S. at 118. She filed her EEOC charge in February 2018—well after the 180-day deadline. *See* 42 U.S.C. § 2000e-5(e)(1). And any retaliatory acts in between were discrete acts distinct from the hostile work environment and were not sufficiently related so that they saved the earlier untimely acts. *See Chambless*, 481 F.3d at 1350.

For these reasons, the district court did not err when it dismissed Counts One and Two of Stewart's amended complaint for failure to state a claim.

## II.

Title VII prohibits employers from retaliating against employees because they have engaged in protected conduct. *See Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). Protected activity under Title VII includes opposing any employment practice made unlawful by the opposition clause in Title VII. *See* 42 U.S.C. § 2000e-(3)(a). Title VII also prohibits retaliation against former employees. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997).

Under the ADA, it is unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). The ADA's anti-retaliation provision is similar to Title VII's, and we assess ADA retaliation claims under the same framework. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

To state a viable claim for retaliation under both Title VII and the ADA, a plaintiff must plead facts that plausibly support a finding that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and adverse action. *See id.* In *Burlington Northern*, the Supreme Court held that Title VII's

"antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm," and rejected previous standards that "limited actionable retaliation to so-called ultimate employment decisions." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (internal quotation mark omitted). The Supreme Court held that, in a retaliation action, an employee instead must allege "that a reasonable employee would have found the challenged action materially adverse." *Id.* at 68. The Supreme Court clarified that a materially adverse action was one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation mark omitted). An employer's lawsuit against an employee can qualify, so long as the lawsuit was filed with a retaliatory motive and was lacking a reasonable basis in fact or law. *See id.* at 66–67; *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 740 (1983).

Turning to the facts, Stewart has alleged protected conduct, as she alleged that Jones Utility filed a lawsuit in January 2018 against her in retaliation for her filing a 2016 EEOC charge and for her participation in her sister's federal discrimination action against Jones Utility. *See Stewart*, 117 F.3d at 1287. She has also alleged an adverse employment action—the filing of a retaliatory lawsuit—and a causal connection to her protected conduct. *See Burlington*, 548 U.S. at 66–67; *Bill Johnson's*, 461 U.S. at 740. Indeed, Stewart alleged that the

8

January 2018 lawsuit was filed because she filed the 2016 EEOC charge and because she helped her sister in a federal discrimination lawsuit against Jones Utility. She also alleged that Jones Utility threatened to file a lawsuit against her unless she ceased her protected conduct. And she alleged that the 2018 lawsuit lacked a basis in law or fact. *See id.*; *Bill Johnson's*, 461 U.S. at 740. According to Stewart, the January 2018 lawsuit alleged that Stewart improperly converted a check, failed to pay a promissory note, and failed to pay back loans to Jones Utility. But Stewart attacked these allegations in her complaint, claiming that the allegedly converted check was part of a bribery scheme, that the promissory note was fraudulent, that there was an agreement that she would not be expected to personally repay the loans to Jones Utility, and that it cost more to prosecute the lawsuit than she was alleged to have unlawfully converted. These allegations were enough to plausibly support a finding of an adverse employment action and a causal connection between her protected conduct and Jones Utility's lawsuit. *See Stewart*, 117 F.3d at 1287; *Am. United Life Ins. Co.*, 480 F.3d at 1057. And since Jones Utility filed the lawsuit in January 2018—a month before Stewart filed her February 2018 EEOC charge—her EEOC charge was allegedly filed well within the 180-day deadline. We therefore vacate the district court's ruling that Counts Three and Four are barred for failure to file a timely EEOC charge, and we remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.