In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11302

_____

AISHLY FOY,

Plaintiff-Appellee,

*versus*

SHERIFF OF JEFFERSON COUNTY, ALABAMA,
ADAM ENNIS,
KATELYN PAYNE,
DAVID AGEE,
TERRY SCOTT,

Defendants-Appellants,

NURSE FLETCHER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-01887-JHE

_____

Before JORDAN and JILL PRYOR, Circuit Judges.

BY THE COURT:

David Agee, Adam Ennis, Katelyn Payne, Mark Pettway, and Terry Scott (collectively, the "Pettway Defendants") appeal from the district court's March 20, 2023 order partially granting and partially denying their motion for summary judgment, specifically challenging the court's partial denial of their request for qualified immunity. That order was entered by a magistrate judge after Plaintiff Aishly Foy and multiple defendants filed forms indicating their consent to a magistrate judge conducting the proceedings under 28 U.S.C. § 636(c).

On appeal, we issued jurisdictional questions asking the parties to address whether (1) the denial of qualified immunity was immediately appealable; (2) Agee and Scott had appellate standing; and (3) all parties consented under § 636(c). The Pettway Defendants responded, in part, that all proper defendants had consented, arguing that several individuals identified as defendants in the amended complaint (the "Maddox Defendants") were not parties and that their consent was not required. We concluded that those individuals were parties and that there was a factual question as to

23-11302                Order of the Court                3

whether they had consented, so we remanded the case to the district court for a factual determination as to whether all defendants consented.

On remand, the district court held a hearing and concluded that the Maddox Defendants had implicitly consented.  Upon review of the record, including the proceedings on remand, and the Pettway Defendants' appellate filings, we conclude that (1) all parties consented under § 636(c); and (2) the partial denial of qualified immunity is immediately appealable; but (3) Agee and Scott lack appellate standing, and the Pettway Defendants lack standing to raise arguments on behalf of non-appealing defendants.

## I.

First, we conclude that all parties consented under § 636(c). We remanded for the district court to determine whether Deputies Maddox, Martin, McCants, T Russell, and Simpson (collectively, "Maddox Defendants") consented.  Although counsel for the Pettway Defendants represented the Maddox Defendants and filed a signed written consent form, counsel listed only the Pettway Defendants' names on the form and asserted on appeal that the Maddox Defendants had not consented.  However, we agree with the district court's conclusion on remand that the Maddox Defendants implicitly consented.

We generally lack jurisdiction to hear appeals directly from magistrate judge orders.  *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009).  However, under § 636(c), a magistrate judge can conduct all proceedings in a civil matter and ultimately enter

final judgment "[u]pon the consent of the parties," in which case the parties can appeal the magistrate judge order or judgment directly to us.  28 U.S.C. § 636(c).

Consent under § 636(c) may be express written or oral consent or inferred from a party's conduct.  *Roell v. Withrow*, 538 U.S. 580, 590 (2003).  For example, in *Roell*, the Supreme Court concluded that two defendants who never filed explicit written consent nevertheless implicitly consented by participating in the proceedings without objection up through a jury trial and final judgment after they were notified that they could refuse magistrate judge jurisdiction.  *Id.* at 582-87, 590; *see also Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350-51 (11th Cir. 2007) (concluding that party implicitly consented under § 636(c) where party understood the consent procedure and participated in pretrial proceedings before a magistrate judge for eight months before objecting for the first time).

Here, we conclude that the Maddox Defendants implicitly consented to the magistrate judge conducting the case.  Although the Pettway Defendants have argued that the Maddox Defendants were not parties and expressed some uncertainty as to whether their counsel represented the Maddox Defendants, we conclude that the Pettway Defendants' counsel represented the Maddox Defendants because counsel (1) filed notices of appearance and other documents on behalf of the Maddox Defendants until filing their notice of appeal; (2) moved to dismiss the claims against the Maddox Defendants; (3) filed a report concerning a planning meeting

23-11302                Order of the Court                5

identifying themselves as counsel for the Maddox Defendants; and (4) filed a notice of withdrawal expressly identifying one lawyer as counsel for the Maddox Defendants.  Thus, the Maddox Defendants participated in this action through defense counsel for years without objecting to magistrate judge jurisdiction even after they were notified of the need for consent and their right to refuse.  *See Roell*, 538 U.S. at 584, 586, 590; *Chambless*, 481 F.3d at 1350-51.  Furthermore, defense counsel agreed with the district court's conclusion on remand that there was consent.

## II.

Second, we conclude that the district court's denial of qualified immunity is immediately appealable.  Although we generally only have jurisdiction to review district courts' final decisions, an order denying a defendant qualified immunity is immediately appealable under the collateral order doctrine if the denial rests on a legal question.  *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Mitchell v. Forsyth*, 472 U.S. 511, 525-30 (1985).  Here, the Pettway Defendants argue on appeal that the district court erred by denying them qualified immunity after Foy failed to respond to their motion for summary judgment and by concluding that a qualified immunity defense was not available as to two of Foy's claims.  Both arguments are purely legal, so we may review them.  *See Mitchell*, 472 U.S. at 525-30.

## III.

Finally, we conclude that Agee and Scott lack appellate standing as prevailing parties and that the Pettway Defendants lack standing to raise arguments on behalf of the non-appealing Maddox Defendants.

Litigants must establish standing to appeal, and only a litigant aggrieved by an order may appeal. *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003); *Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014). A prevailing party generally lacks standing to appeal because the appealed order did not injure him. *Agripost, Inc. v. Miami-Dade Cnty. ex rel. Manager*, 195 F.3d 1225, 1230 (11th Cir. 1999). Furthermore, a party generally may not appeal to protect the rights of others. *Hawes*, 745 F.3d at 1342.

Here, the district court dismissed all claims against Agee and Scott, so they were not aggrieved by the appealed order. *Wolff*, 351 F.3d at 1353-54; *Agripost, Inc.*, 195 F.3d at 1230. The Pettway Defendants argue that Agee and Scott have standing because the court allowed part of Foy's Count 1, an excessive force claim, to proceed and it is arguable that Count 1 was raised against Agee and Scott. We disagree because (1) Count 1 of the counselled complaint was titled as raised against other defendants; (2) Foy did not allege that Agee or Scott participated in the alleged beating that formed the basis for Count 1; (3) the Pettway Defendants did not argue in their motion for summary judgment that Count 1 was raised against Scott and Agee; and (4) the court described Count 1 as raised against other defendants and noted that neither Scott nor Agee were present for the alleged beating. While the body of Count 1

asserted that the claim was raised against all defendants in their individual capacities, we cannot read that language as raising Count 1 against Agee and Scott given the above facts.

Furthermore, although the Maddox Defendants never appealed, the Pettway Defendants argue that the district court erred by denying the Maddox Defendants qualified immunity and allowing Counts 2 and 5 to proceed as to the Maddox Defendants. However, the Pettway Defendants lack standing to raise arguments on behalf of other parties. *See Wolff*, 351 F.3d at 1353-54; *Hawes*, 745 F.3d at 1342.

Accordingly, this appeal is DISMISSED IN PART for lack of jurisdiction as to Agee and Scott and any arguments the Pettway Defendants raise on behalf of the Maddox Defendants. The appeal may otherwise proceed.