[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13651

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KYLE MELKONIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20414-DPG-1

_____

2                    Opinion of the Court                    24-13651

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Kyle Melkonian, proceeding *pro se*, appeals from the district court's October 25, 2024, order denying his petition for remission of real property subject to a preliminary order of forfeiture. Melkonian filed that petition as trustee of "The Araxi Trust," which purportedly owns the property, on behalf of its two third-party beneficiaries.

A jurisdictional question asked the parties to address whether Melkonian has standing to appeal the October 25 order. The government argues that Melkonian lacks appellate standing because his interest in the relevant property was extinguished by the preliminary order of forfeiture. Melkonian asserts that he has appellate standing to protect his interest in the property as trustee.

We lack jurisdiction over this appeal because Melkonian lacks appellate standing. *See United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). Melkonian's interest in the relevant property was extinguished by the preliminary order of forfeiture, which we affirmed on direct appeal from the final judgment of conviction. *See id.* at 971-73. And he cannot challenge the October 25 order on behalf of third parties or in his asserted capacity as the trustee of The Araxi Trust. *See Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014) ("[A] party may not appeal to protect the rights of others."); *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235-36 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority

to represent a trust in court" because "[a] trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear *pro se* as a nonlawyer" (quotation marks omitted)).  The only way that Melkonian could possess appellate standing is by challenging the preliminary order of forfeiture, but even if his appeal could be construed as such a challenge, it would still be due to be dismissed because he already appealed that order on direct appeal.  *See United States v. Bane*, 948 F.3d 1290, 1293-94 (11th Cir. 2020); *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (stating that appellants are not entitled to two appeals from the same order or judgment).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED AS MOOT.